UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH SMITH ARDELL, | No. 2:13-cv-0545 DAD P |
| Plaintiff, | |
| v. | ORDER |
| VACAVILLE C.M.F. STATE PRISON MENTAL HEALTH SERVICES, MEDICAL CARE DEPARTMENT, | |
| Defendant. | |

Plaintiff is a former state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis under the general provisions of 28 U.S.C. § 1915(a)(1). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

**SCREENING REQUIREMENT**

The court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law

1  or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221,
2  1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based
3  on an indisputably meritless legal theory or where the factual contentions are clearly baseless.
4  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however
5  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639,
6  640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.
7       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
8  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
9  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
10 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
11 However, in order to survive dismissal for failure to state a claim a complaint must contain more
12 than "a formulaic recitation of the elements of a cause of action;" it must contain factual
13 allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550
14 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
15 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
16 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
17 doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
18      The Civil Rights Act under which this action was filed provides as follows:
19         Every person who, under color of [state law] . . . subjects, or causes
           to be subjected, any citizen of the United States . . . to the
20         deprivation of any rights, privileges, or immunities secured by the
           Constitution . . . shall be liable to the party injured in an action at
21         law, suit in equity, or other proper proceeding for redress.
22 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
23 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
24 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
25 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
26 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
27 omits to perform an act which he is legally required to do that causes the deprivation of which
28 complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## PLAINTIFF'S COMPLAINT

In the present action, plaintiff has identified the "Vacaville C.M.F. State Prison Mental Health Services, Medical Care Department" as the sole defendant. Plaintiff's complaint is difficult to decipher. However, plaintiff appears to be alleging that while he was incarcerated at California Medical Facility, the mental health staff and employees there did not treat him fairly. Plaintiff appears to allege that he submitted multiple requests to see a doctor, but no one responded to his request for services for twelve months. In terms of relief, plaintiff seeks a declaratory judgment and the award of monetary damages. (Compl. at 2-4.)

## DISCUSSION

The allegations of plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. However, the court will grant plaintiff leave to file an amended complaint.

/////

/////

If plaintiff chooses to file an amended complaint, plaintiff must allege facts demonstrating how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). In addition, plaintiff must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

If plaintiff wishes to proceed in this action on a claim that he received inadequate mental health care, he is advised that the "Vacaville C.M.F. State Prison Mental Health Services, Medical Care Department" is not a proper defendant. In any amended complaint he elects to file, plaintiff will need to name as the defendants the individuals who denied him mental health care. Once plaintiff identifies the proper defendants, he must allege how their conduct rose to the level of "deliberate indifference." Plaintiff is advised that the United States Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). The "deliberate indifference" standard also applies in cases involving the adequacy of mental health care in prisons. Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994); Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).

Finally, insofar as plaintiff is attempting to complain about any delay he experienced in receiving adequate mental health treatment, he is advised that delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. However, to establish a claim

of deliberate indifference arising from delay in providing care, a plaintiff must allege facts showing that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). See also McGuckin, 974 F.2d at 1060. Finally, the court notes that a plaintiff may not recover damages for purely mental or emotional injuries without first showing some form of physical injury. See 42 U.S.C. § 1997e(e).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is granted.

2. Plaintiff's complaint is dismissed.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in dismissal of this action without prejudice.

/////

/////

1  4. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil
2  rights action.
3  Dated: January 29, 2014

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
arde0545.14a